IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| IJEAMAKA EKWEANI | : | |
| | : | |
| v. | : | Civil No. WMN-04-4050 |
| | : | |
| SELECT PORTFOLIO | : | |
| SERVICING, INC., <u>et al.</u> | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

Before the Court is the motion of Defendant Select Portfolio Servicing, Inc. (Select) to dismiss the complaint, or in the alternative, for summary judgment.  Paper No. 16.  Also before the Court is the motion of Defendants Wells Fargo and Company and Wells Fargo Home Mortgage, Inc. (collectively "Wells Fargo") for summary judgment and joinder in Select's motion for summary judgment.  Paper No. 18.  Pro Se Plaintiff Ijeamaka Ekweani[1] has not opposed either motion and the time for having done so has expired.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motions will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a dispute concerning the servicing of Plaintiff's residential mortgage loan.  Plaintiff alleges that

---

[1] The Court notes that Plaintiff is a Maryland attorney who has been practicing law in Maryland since 1991.  Ekweani Dep. 77-78.

Defendants were the note-holders and/or servicing agents for that mortgage loan.  On December 28, 2004, Plaintiff filed a complaint against Defendants alleging seven counts.  She alleged violations of: the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, et seq. (Count I); the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq. (Count II); the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2601, et seq. (Count III); the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. (Count IV);[2] the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (Count V); the class action settlement (Count VI);[3] and Title 12 of the Commercial Law Article of the Maryland Annotated Code.

**II. STANDARD OF LAW**

A court considers only the pleadings when deciding a motion to dismiss.  If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Fed. R. Civ. P. 56.  See Villeda v. Prince George's County, MD., 219 F. Supp. 2d 696, 698 (D. Md. 2002).  In this case, the Defendants have submitted matters outside the pleadings and the Court has considered these matters.

---

[2] During her deposition Ekweani stated that she no longer made the FCRA allegations and agreed to dismiss the count. Ekweani Dep. 70.  She has yet to move for formal dismissal; the Court will dismiss the count.

[3] This Court dismissed Count VI in an order issued on August 17, 2005.

Defendants' motions shall be considered a motion for summary judgment and decided accordingly.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For purposes of summary judgment, a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation.  Id.

A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's cause of action which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant demonstrates there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence which demonstrates that a triable issue of fact exists for trial.  Id. at 324.  The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir.

1987).

**III. DISCUSSION**

A. Equal Credit Opportunity Act

Plaintiff alleges that Defendants violated the ECOA by refusing to extend credit to her based on her race and by refusing to provide her with a written statement of the reasons for their adverse action.  Compl. ¶ 25.  Specifically, she claims that her March 12, 2004, application for forbearance was denied because of her race.  Id. ¶ 13.  She also alleges that her April 8, 2004, application for extension of credit to refinance her loan was denied because of her race and Defendants refused to provide her with a written explanation of the reasons for its adverse action.  Id. ¶ 11.

15 U.S.C. § 1691(d)(2) provides that, "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor."  Section 1691(d)(5) excludes from the definition of "adverse action," "a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit."

First, Select asserts that it did not receive any forbearance application from Ekweani after December 1, 2003.  Boni Johnson (Select's Director of the Escrow Department) Aff. ¶

4

15. Plaintiff has failed to submit evidence of such application. In addition, Select argues that in the present case the alleged application for forbearance did not require the creditor to provide notification. Plaintiff provides the Court with no reasons as to why notice was required.

Second, Wells Fargo submits by affidavit that it has no evidence to suggest that it ever received a mortgage loan application from Plaintiff. Melanie Bieggar (member of Wells Fargo's in-house legal department) Aff. ¶ 5. On October 17, 2005, Wells Fargo served on Plaintiff interrogatories, document requests, and requests for admissions. After receiving numerous deadline extensions by Wells Fargo, Plaintiff has yet to respond to the above requests. See Wells Fargo Mem. 2-3. The Court will deem admitted Wells Fargo's requests for admissions. As a result, Plaintiff has admitted that she cannot identify any facts supporting her contention that Wells Fargo took adverse action against her because of her race and that she cannot identify any facts to support her allegations against Wells Fargo in Count I of the Complaint.[4]  Wells Fargo Ex. D ¶¶ 1, 3. Plaintiff has failed to create a genuine dispute of material fact and, as such, Count I will be dismissed.

---

[4] Plaintiff has also admitted that she cannot identify any facts supporting her allegations against Wells Fargo in Counts II-VII of the Complaint. Wells Fargo Ex. D ¶¶ 4-8. For this reason, as well as the additional reasons set forth in this memorandum all of the Counts as against Wells Fargo will be dismissed.

B.  The Truth in Lending Act

Plaintiff asserts that, "[b]y applying a prepayment penalty to Plaintiff's application to refinance her Loan with Defendants, Defendants violated TILA, 15 U.S.C. § 1639(c), which prohibits a prepayment penalty on a refinancing by the creditor under the mortgage, or an affiliate of the creditor."  Compl. ¶ 28. Defendants argue that the prepayment restrictions under § 1639(c) do not apply to the loan at issue in the present case.  Defendant reasons that the restriction on prepayment penalties is part of the Home Ownership Equity Protection Act (HOEPA), codified at 15 U.S.C. §§ 1602(aa), 1639(c), and 1641(d), and Plaintiff's loan is a refinanced mortgage loan to which TILA applies, not HOEPA. Select's Mem. 6.  Again, Plaintiff fails to provide the Court with a reason as to why her loan should be considered a HOEPA loan thus restricting prepayment penalties and, as such, Count II will be dismissed.[5]

C.  Real Estate Settlement and Procedures Act

Plaintiff alleges that Defendants violated RESPA by:

---

[5] In her deposition, Plaintiff admitted that Counts II, V, and VII are premised on the servicing of her mortgage loan and that she did not have any contact with Wells Fargo in connection with the servicing.  Ekweani Dep. 152-58.  Plaintiff contended in her deposition that Wells Fargo is liable on these counts based on an agency theory, alleging that Select is Wells Fargo's agent. Id.  Because Plaintiff failed to advance any argument in support of her agency theory, all three claims will fail as against Wells Fargo.  Had Plaintiff adequately supported her agency theory, the claims against Wells Fargo would still fail for the same reasons they fail against Select.

6

>      (a) establishing an escrow account that was not
>      authorized by the Loan agreement; (b) purchasing
>      insurance without any default on the part of
>      Plaintiff and assessing fees and penalties for
>      procuring said insurance; (c) assessing late
>      charges while the Loan was in dispute and without
>      responding to Plaintiff's qualified written
>      request; (d) assessing late charges on the 16th of
>      each month in violation of the terms and conditions
>      of the Loan agreement and State law.

Compl. ¶ 31.  In her Complaint, Plaintiff fails to cite specific provisions of RESPA that Defendants allegedly violated, in fact, she misstates the general RESPA statute as 15 U.S.C. § 2605.  The Court will presume that she intended to allege violations of § 2605 of RESPA, 12 U.S.C. § 2601, et seq.

Section 2605(e)(1)(A) requires "any servicer of a federally related mortgage loan [that] receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, . . . shall provide a written response acknowledging receipt of the correspondence within 20 days . . . ."  Select maintains that on September 3, 2004, it received correspondence from Plaintiff and that it replied to Plaintiff on September 30, 2004.  Johnson Aff. ¶¶ 23-24.  Select has provided the Court with copies of both of the letters.  Select Mem. Ex. C, Exs. 5-6.  In its Request for Admission of Facts ¶ 14, Select states that it did "act in compliance with 12 U.S.C. § 2605 upon its receipt of an inquiry from Ijeamaka Ekweani dated August 26, 2004."  Plaintiff has repeatedly failed to respond to Select's discovery requests and the Court will deem such requests

admitted.  In addition, Select maintains that no excessive escrow sums were assessed against Plaintiff and that the remaining allegations in reference to the timing of late charges do not support a RESPA violation.  Select Mem. 7.  Plaintiff has not asserted otherwise and the Court will dismiss Count III.[6]

### D.  The Fair Debt Collection Practices Act

Plaintiff alleges that Defendants violated the FDCPA by, "collecting interest fees, late fees, insurance fees and penalties that were not authorized by the agreement creating the debt or permitted by law."  Compl. ¶ 39.  Specifically, Plaintiff alleged that her August 2004 statement contained inaccurate information including an assessment of late charges on the 16th of the month, which was contrary to the Loan agreement.  Id. ¶ 17.  15 U.S.C. § 1692 prevents a debt collector from using false, deceptive, or misleading representations in connection with the collection of a debt.  Plaintiff does not allege that Defendants misrepresented the fees and penalties but complains about the timing of the late charges.  The timing claim is not covered under REPSA and, as such, Count V will be dismissed.

### E.  State Law Claims

Plaintiff alleges that Defendants violated state law, "[b]y assessing late charges before the grace period allowed by law and by contract, procuring insurance without authorization, and

---

[6] In her deposition, Plaintiff agreed that Count III was not asserted against Wells Fargo.  Ekweani Dep. 153.

assessing fees and penalties in connection therewith, Defendants collected amounts exceeding the permitted rate of interest." Compl. ¶ 47.  Md. Code Ann., Com. Law II, § 12-103(b), restricts the amount of money lenders can collect on residential mortgage transactions.  Select is not the lender on Plaintiff's loan, Plaintiff does not assert otherwise, and Count VII will be dismissed.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss or, in the alternative, for summary judgment will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

____/s/____

William M. Nickerson
Senior United States District Judge

Dated: March 30, 2006